### 20916. HOWARD *v.* THE STATE.

DECIDED DECEMBER 18, 1930.

*R. L. Tipton,* for plaintiff in error.

*T. Hoyt Davis, solicitor-general,* contra.

LUKE, J. The only question presented by the record in this case is whether the evidence supports the conviction of Gus Howard of larceny from the house.

It appears from the brief of evidence that on or about June 15, 1927, certain merchandise was stolen from the store of Mashburn & Fitzgerald in Rochelle, Wilcox county, Ga. It further appears, from the testimony of Mr. Alex Story, sheriff of Turner county, that in searching the defendant's house for merchandise stolen from a store in Ashburn, Ga., he found some goods which were later identified by Mr. Fitzgerald as having been taken from his store; that a negro named Robert Statum lived with defendant and his wife, and that all three of these negroes were in jail at Ashburn, charged with burglary; that the defendant's wife directed the witness where to find some of the goods that were not found in the defendant's house, and that they were found where the woman said they were; that the defendant said that Statum, and not he, got the stolen goods, and that Statum gave him some of them. Mr. Fitzgerald testified: that the goods stolen from his store were of a designated value; that it was between two weeks and thirty days from the time the articles were taken until he recovered them; and that when he identified a coat which the defendant had on as one of the articles taken from his store, the defendant said that Statum gave it to him.

The defendant stated that Statum invited him to go with him to get some things from the defendant's uncle's; that he, defend-

ant, remained at Double Run while Statum went off somewhere; that when Statum returned he had something in a sack; that he, defendant, did not know anything about the goods having been stolen; and that Statum gave him the coat which was identified as having been taken from the store at Rochelle.

It would answer no good purpose to state more of the evidence. Our view of the case is that the evidence supports the verdict, and that the court did not err in overruling the motion for a new trial. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*